IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUSTIN CREDICO                              *
          Plaintiff,
    v.                                            *   CIVIL ACTION NO. ELH-16-55

NATIONAL SECURITY AGENCY          *
UNKNOWN AGENTS OF NSA TAO
          Defendants.                     *
                                            *****

MEMORANDUM

On January 7, 2016, Justin Credico, a federal detainee housed at the Federal Detention Center in Philadelphia, Pennsylvania, filed a handwritten complaint invoking the court's federal question jurisdiction under 28 U.S.C. § 1331 and the Freedom of Information Act ("FOIA"), naming the Maryland-based National Security Agency ("NSA") and unknown agents of the NSA and "Tailored Access Operations" ("TAO").[1]  ECF 1.  Credico complained that defendants have been interfering with internet networks and communications to Syria since the civil war commenced in 2012.  He claimed that his attempts to communicate with Syrian hackers or members of the Syrian Electronic Army ("SEA") have been subject to a "blackout."  He acknowledges that he is still permitted to talk to members of the SEA, but suspects the blackout was caused by the NSA's monitoring of all incoming and outgoing Syrian data by an NSA

---

[1] As previously noted by the court, Credico filed a similar claim in the United States District Court for the Eastern District of Pennsylvania on or about October 7, 2014.  *See Credico v. Unknown NSA Agents of the United States TAO,* et *al.*, Civil Action No. 14-5718 (E. D. Pa.). Credico was directed to remit the filing fee and his case was closed for statistical purposes.  He did not pay the fee, but submitted a petition pursuant to 28 U.S.C § 1915(g) alleging imminent danger.  The petition was denied and the case was closed.

router placed inside the Syrian router.[2]  *Id*. at 2, 3.  The $400.00 civil filing fee did not accompany the complaint, nor did Credico submit an in forma pauperis application.

On January 12, 2016, I granted Credico twenty-one (21) days to remit the $400.00 civil filing fee, finding that he was barred from seeking in forma pauperis status under 28 U.S.C. § 1915(g). ECF 2.  Ten days later, on January 22, 2016, the court received for filing Credico's motion for reconsideration of the denial of pauperis status.  ECF 3.  He asks that the court grant him in forma pauperis status as "he is not a three-strike litigant according to the laws of the Supreme Court."  He maintains that the statute in question is unconstitutional and he has not waived his right to bring certain claims that do not involve physical danger.  *Id*. at 2-3.

## II. Discussion

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 471 n. 4 (4th Cir. 2011).  This court explained in *Cross v. Fleet Reserve Ass'n Pension Plan,* Civ. No. WDQ–05–0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines,* 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley,* 988 F.2d 1, 2–3 (4th Cir.1992).

Credico's motion was filed within the 28-day time period.  Therefore, it shall be analyzed under Rule 59(e).

---

[2] Credico further complained that a FOIA reply to his unspecified request was arbitrary and capricious.  He additionally sought "unliquidated" monetary damages and declaratory and injunctive relief enjoining defendants from enforcing and utilizing the TAO. ECF 1 at 4, 5.

A district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002). Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has recognized that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008); *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *see also Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.; see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995). A losing party's "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see*

3

*United States ex rel. Becker*, 305 F.3d at 290.  Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac Ins. Co.,* 148 F.3d at 403 (citation omitted).

Credico does not contend that there has been an intervening change in controlling law or newly discovered evidence.  Rather, his motion claims that the court erred in the decision-making process.  Further, Credico reiterates elements of his complaint and expresses his disagreement with the court's ruling.  He does not, however, set forth any grounds under Rule 59(e) for reconsideration of the Order requiring him to remit the civil filing fee.  Therefore, the court will deny his motion, for the reasons articulated in its earlier Order.

Credico shall be granted an additional period of twenty-eight days to submit the $400.00 civil filing fee.  He is again cautioned that his failure to remit the full fee will result in the dismissal of his case, without prejudice, and without notice.

An Order follows.


Date:  February 11, 2016            _____/s/_____
                                    Ellen L. Hollander
                                    United States District Judge

4